IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENA LAJUAN MARINO**                                                                                       **PLAINTIFF**

v.                                                                                            CAUSE NO. 1:26cv5-LG-BWR

**JOSH GREEN and**
**PASCAGOULA UTILITIES**                                                                          **DEFENDANTS**

## ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

**THIS MATTER IS BEFORE THE COURT** sua sponte for the purpose of determining whether the Court has subject matter jurisdiction. Plaintiff Kena LaJuan Marino filed this pro se lawsuit against Pascagoula Utilities and her landlord Josh Green. Plaintiff claims that Pascagoula Utilities disconnected her services, which caused bug infestations while she was away from home due to an illness. She further alleges that a Pascagoula Utilities employee was rude to her when she attempted to reconnect services, and the employee threatened to have Plaintiff's home condemned. Plaintiff claims this employee carried out that threat, "placing [Plaintiff] in a hostile hostage position." Compl. [1] at 5–6. Plaintiff claims the employee also invaded her privacy "in hopes of submission of birthrights sovereignty." *Id.* at 6. She further mentions a "breaking and entry on December 5, 2026,"[1] and "stolen inheritances operations since childhood" without explaining how these alleged incidents pertain to her current Complaint. Finally, Plaintiff says she

---

[1] The Court assumes that Plaintiff intended to state the breaking and entry occurred in 2025.

has not heard from Green, and she does not know how to contact him.

"Federal courts are courts of limited jurisdiction[.]" *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party that files a lawsuit in federal court has the burden of alleging "a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Here, Plaintiff claims the Court has both federal question and diversity jurisdiction.

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction is called "federal question jurisdiction." *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008). "A federal question exists only where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017) (citation modified). Plaintiff merely claims this Court has federal question jurisdiction based on unspecified "bills, acts, unconstitutional, stolen sovereignty birthrights sovereignty." Compl. [1] at 3. Furthermore, the facts stated by Plaintiff, to the extent that the Court can follow and understand them, do not appear to raise a federal claim.

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  In her Complaint, Plaintiff did not answer questions regarding citizenship of the parties or the question requiring her to explain why "the amount at stake . . . is more than $75,000, not counting interest and costs of court."  Compl [1] at 3–4.[2]  In a separate section of her Complaint, Plaintiff merely claims that "[t]he amount in controversy exceeds normalcy.  As this has or is unprecedented requiring professional level negotiation satisfying/ensuring all needs both monetary and safety/privacy are met."  *Id.* at 4.

Since Plaintiff filed this case in federal court, she has the burden of demonstrating that the Court has subject matter jurisdiction.  Therefore, to the extent Plaintiff is claiming federal jurisdiction, she is ordered to identify which federal statutes and/or constitutional amendments she claims Defendants violated.  To the extent Plaintiff is claiming diversity jurisdiction, she is ordered to provide her state of citizenship and additional information concerning the amount of money she is seeking in this lawsuit.  **PLAINTIFF IS CAUTIONED THAT FAILURE TO TIMELY AND ADEQUATELY RESPOND TO THIS ORDER MAY RESULT IN DISMISSAL OF THIS LAWSUIT.**

---

[2] In her Statement of Claim, Plaintiff states that she has lived at the same address in Pascagoula, Mississippi, for fifteen years, so it appears she is a citizen of Mississippi.  She has sued a Mississippi city's utility department.  As a result, it appears that Plaintiff and Pascagoula Utilities are citizens of the same state.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff must provide a brief explaining the basis of the Court's subject matter jurisdiction, or file a notice of voluntary dismissal of this case by **January 23, 2026**.

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE